28 F.3d 108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Danny R. SANDERS, Plaintiff-Appellant,
v.
Susan McELROY, Correctional Officer; S. Bray, Correctional
Lieutenant; M. Leatherman, Correctional
Lieutenant, Defendants-Appellees.
 No. 93-16112.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 8, 1994.
 
 Before: HUG, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Danny R. Sanders appeals pro se the district court's judgment, following a bench trial, in favor of prison officials in Sanders's action pursuant to 42 U.S.C. Sec. 1983, alleging that his First Amendment rights were violated when correctional officers seized and misplaced Sanders's papers. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 OPERATIONS MANUAL
 
 3
 Sanders contends that the district court erred in excluding evidence consisting of "documents governing rules, regulations and policy ... which consisted of the California Department of Corrections Operation Manual." In its memorandum and decision, the district court did indeed consider and cite the Department of Corrections regulations. The district court, therefore, did not err.
 
 PERJURED TESTIMONY
 
 4
 This court will not ordinarily review issues not properly presented below. Willard v. California, 812 F.2d 461, 465 (9th Cir.1987). Sanders contends that the district court based its factual findings on perjured testimony of the prison officials. Sanders attempts to prove this perjury by submitting three sets of interrogatories which are not part of the record before this court. We decline to consider Sanders' allegations of perjury which are based on evidence outside the record and which were not raised as an issue before the trial court. See id.
 
 STATE LAW
 
 5
 Sanders contends that the district court erred in applying federal law rather than state law in resolving his allegations of civil rights violations. To state a claim under 42 U.S.C. Sec. 1983, Sanders must prove that prison officials were (1) "acting under color of state law [and] (2) committed an act that deprive [him] of some right, privilege, or immunity protected by the Constitution or laws of the United States." Redman v. County of San Diego, 942 F.2d 1435, 1439 (9th Cir.1991), cert. denied, 112 S.Ct. 972 (1992). Therefore, the district court properly applied federal law rather than state law. Moreover, the record clearly shows that the district court referenced California state law, at least as far as the applicable prison regulations were concerned, and correctly determined that there was no violation of Sanders' rights under the United States Constitution.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3